IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DENIS ADAMS et al.,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| Versus § | |
| § | |
| **TRANSOCEAN LTD.; TRANSOCEAN** § | C.A. No. _____ |
| **OFFSHORE DEEPWATER DRILLING,** § | |
| **INC.; TRANSOCEAN DEEPWATER, INC.;** § | |
| **TRANSOCEAN HOLDINGS, LLC, and** § | |
| **TRITON ASSET LEASING GmbH,** § | |
| § | |
| Defendants. § | |

## PLAINTIFFS' ANSWER AND CLAIM IN LIMITATION OF LIABILITY

COME NOW, Claimants (of whom a complete list of names, identifying information, and home state is attached to this pleading as "Exhibit A"), filing this their Notice of Claims and Objections *in re* the Complaint and Petition of Triton Asset Leasing GmbH, *et al*. pursuant to Federal Admiralty & Maritime Rule F(5), and in support of which would respectfully show unto the Court as follows:

### I. PARTIES

Plaintiffs are individuals and businesses who reside or conduct business in several States who collectively suffered harm from the explosion and sinking of the MODU DEEPWATER HORIZON on April 20, 2010, and the massive oil spill into the Gulf of Mexico that followed. See "Exhibit A."

Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Ltd. ("Transocean Ltd.") is a Swiss corporation that maintains substantial U.S. offices in Houston, Texas, and that at all pertinent times was doing business in the State of Texas

and within this district. According to its Complaint and Petition for Exoneration From or Limitation of Liability, Transocean Ltd. was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Deepwater, Inc. ("Transocean Deepwater") is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Texas and within this district. Transocean Deepwater is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Transocean Holdings, LLC ("Transocean Holdings") is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Texas and within this district. Transocean Holdings is affiliated with Transocean Ltd. and is a wholly-owned subsidiary of Transocean Offshore. Transocean Holdings is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon and participated in the Deepwater Horizon's offshore oil drilling operations at the Macondo prospect, where the Spill originated. More specifically, Transocean Holdings is party to the contract with BP regarding the lease of the Deepwater Horizon for drilling operations in the Gulf of Mexico. On April 28, 2010, The U.S. Coast Guard named Transocean Holdings as a "Responsible Party" under the Oil Pollution Act for the surface oil spill resulting from the blowout by the Deepwater Horizon.

Defendant, Cross-Defendant in Limitation, and/or Third-Party Defendant in Limitation Triton Asset Leasing GmbH ("Triton") is a Swiss limited liability company with is principal

place of business in Zug, Switzerland. Triton is affiliated with Transocean Ltd. and is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

Defendants, Cross-Claim Defendants in Limitation, and/or Third Party Defendants in Limitation Transocean Ltd., Transocean Deepwater, Transocean Offshore, Transocean Holdings, and Triton are hereinafter referred to collectively as "Transocean." At the Macondo site, Transocean provided the Deepwater Horizon vessel and personnel to operate it. At all times relevant to the Spill, Transocean, subject to BP's inspection and approval, was responsible for maintaining well control equipment, such as the blowout preventer and its control systems. Transocean also provided operational support for drilling-related activities on board the Deepwater Horizon, as well as onshore supervision and support for those drilling activities at all times relevant to the Spill.

## II.  JURISDICTION

The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because the suit is between citizens of a state and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## III.  VENUE

Venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, all but one of the named Defendants either maintains its principal place of business in Houston, Texas, or conducts regular business in Houston, Texas. As further alleged herein, many of the acts and/or omissions giving rise to this claim occurred not only aboard the MODU Deepwater Horizon, but also in the business activities and decisions of the Transocean Defendants.

## IV. ANSWER TO COMPLAINT

### A. First Defense

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### B. Second Defense

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### C. Third Defense

Claimants assert the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to depose adequate security for the Vessel and for the additional vessels within the flotilla, which were under common operational control, supervision and enterprise.

### D. Fourth Defense

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### E.  Fifth Defense

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

### F.  Sixth Defense

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent hereto, the MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton and reckless manner or, in the alternative, the conduct and actions which led to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

### G.  Seventh Defense

The Limitation of Liability Act is not applicable in the instant case because at all relevant times hereto, the MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were known by the owners and/or owners *pro hac vice* to be unseaworthy.

### H.  Eighth Defense

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

### I.  Ninth Defense

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants

seek more definite statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

### J.  Tenth Defense

The events culminating in the injuries of Claimants were the result of the negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the MODU DEEPWATER HORIZON and/or the other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

### K.  Eleventh Defense

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

### L.  Twelfth Defense

Claimants further allege that there was insurance coverage on the MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' Claims, and the proceeds of said insurance policy(ies) should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### M.  Thirteenth Defense

Claimants state that the proceeds of any judgment, award or settlement that may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party(ies), must be included in the limitation fund.

### N.  Fourteenth Defense

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

### O.  Fifteenth Defense

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors clause, 28 U.S.C. § 1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights.  Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claim their right to have their claims and damages tried to a jury in the court of their choosing.

### P.  Sixteenth Defense

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants.  *See* 46 U.S.C. § 30501 *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND

MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

### Q.  Seventeenth Defense

Claimants reserve the right to contest the appraisal value of the MODU DEEPWATER HORIZON and/or of any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### R.  Eighteenth Defense

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Petitioners.

### S.  Specific Denials

Specifically reserving all defenses asserted herein, including without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, and all state law remedies, Claimants respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

**1.**

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**2.**

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**3.**

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**4.**

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**5.**

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations contained in Paragraph 6 of the Complaint are denied.

**7.**

The allegations contained in Paragraph 7 of the Complaint are denied.

**8.**

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**9.**

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**10.**

The allegations contained in Paragraph 10 of the Complaint are denied.

**11.**

The allegations contained in Paragraph 11 of the Complaint are denied.

**12.**

The allegations contained in Paragraph 12 of the Complaint are denied.

**13.**

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**14.**

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**15.**

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**16.**

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**18.**

The allegations contained in Paragraph 18 of the Complaint are denied.

**19.**

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations contained in Paragraph 20 of the Complaint are denied.

**21.**

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**22.**

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**23.**

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**24.**

The allegations contained in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**25.**

The allegations contained in the prayer of relief are not statements of facts, but conclusions of law, from which no response is necessary from these Claimants.  However, if response be deemed necessary, said allegations are denied.  Claimants further specifically deny the adequacy of the value of the MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners.  Claimants further re-urge their prior objection to Petitioners' failure to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the

property interests of Petitioners. Claimants further deny the adequacy of Petitioner's *Ad Interim* Stipulation for an amount equal to the value of its interest in the MODU DEEPWATER HORIZON and/or the other vessels in its flotilla and the appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In doing so, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as foresaid. Claimants further deny the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V EMILY S.*, 132 F.3d 818 (1st Cir. 1997).

## V. CLAIM FOR DAMAGES

On April 20, 2010, the Mobile Offshore Drilling Unit ("MODU") DEEPWATER HORIZON ("Rig") exploded, caught fire, burned for two days, and on April 22, 2010, sank in about 5,000 feet of water approximately 40 miles offshore from Venice, Louisiana. Upon information and belief, the source and continuing fuel for the fire were hydrocarbons (oil and gas) escaping from a ruptured well, which shortly before had been drilled by the Rig. These events individually and collectively began the uncontrolled release and spill of millions of gallons of oil into the Gulf of Mexico. Such release of various hazardous chemicals into the fishing waters has caused irreparable harm and legal damages to the aforementioned Claimants.

Claimants incorporate by reference the categories of claimants enumerated in Pretrial Order 11 (ECF Doc. #569) and further described in the Master Complaints of pleading bundles B1 and B3 (ECF Docs. #1128, #1805-1), as well as the specific allegations of harm to each category of claimant contained therein. Additionally, some Claimants claim personal injury as a

result of exposure to crude oil spilled from the ruptured well and/or dispersant chemicals used in post-spill cleanup efforts.

The explosion and sinking of the Deepwater Horizon and resulting oil spill and subsequent hazardous cleanup was proximately and legally caused by the unseaworthy condition of the vessel which all Petitioners, with full privity and knowledge, knew or should have known prior to commencing operations, and also as well as the concurrent negligence, negligence per se, gross negligence, reckless conduct, and fault of all Petitioners in the following non-exclusive particulars:

  a. Failing to inspect the Rig properly to assure that its equipment and personnel were fit for all intended purposes;

  b. Failing to implement and enforce Federal and State safety rules and regulations pertaining to the safe work operation aboard the Rig which would have prevented the fire, explosion and oil spill;

  c. Failing to take appropriate action to avoid or mitigate the vessel fire, explosion and well blowout;

  d. Failing to insure that the Rig, her gear, rigging, appurtenances and equipment were seaworthy, safe and free from defects;

  e. Failing to timely warn of foreseeable risks;

  f. Failing to bring the oil release and spill under control;

  g. Failing to provide appropriate well blowout prevention equipment;

  h. Failing to observe warnings that would have indicated excessive well pressure;

  i. Failing to anticipate and observe obvious signs of danger;

j.  Failing to monitor or otherwise test the blowout preventers to insure operation in the event of a blowout;

k.  Operating the Rig with poorly trained, untrained and/or unlicensed personnel;

l.  Operating the Rig in such a manner that a fire and explosion occurred causing her to sink and resulting in an oil spill;

m.  Acting in a careless, reckless and negligent manner without due regard for the safety of others;

n.  Negligently training and hiring personnel;

o.  Negligently implementing required policies and procedures to safely conduct operations in the Gulf of Mexico;

p.  Providing blowout preventers that failed to work;

q.  Conducting well and well cap cementing operations unsafely and improperly;

r.  Acting in a manner that justifies imposition of punitive damages; and

s.  Such other acts of commission and omission that will be shown at trial.

At all relevant times, the MODU DEEPWATER HORIZON was unseaworthy.

As a result of said occurrences, Claimants sustained severe economic injuries, loss of earnings in the past, as well as a loss of future earning capacity, and in some instances debilitating personal injuries. Claimants are entitled to a full measure of compensatory damages.

Claimants are also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary and capricious. Petitioners acted with flagrant and malicious disregard for the safety of others. Petitioners were subjectively aware of the extreme risk posed by the conditions which caused Claimant's injuries, but did nothing to rectify them. Instead, Petitioners proceeded

despite the dangerous conditions that were posed to Claimants by the faulty, defective equipment. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimants and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk. Moreover, Claimants may recover punitive damages under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

## VI. PRAYER

WHEREFORE, premises considered, Claimants assert that Petitioners' claim for exoneration from and/or limitation of liability are improper and should be dismissed. Claimants assert that they are entitled to damages which they have sustained as a result of the legal fault of Petitioners and their vessel, the MODU DEEPWATER HORIZON. Claimants demand judgment against Petitioners in an amount to be determined by this Court, and including attorney's fees, punitive damages, interests and costs.

Respectfully submitted,

BRENT COON & ASSOCIATES

*/s/ Brent W. Coon*
Brent W. Coon
Federal Bar No. 9308
Texas Bar No. 04769750
215 Orleans
Beaumont, Texas  77701
Tel.:   (409) 835-2666
Fax:   (409) 835-1912

MATTHEWS JONES & HAWKINS, LLP
Dana C. Matthews, Esq.
Florida Bar No. 335843
4475 Legendary Drive
Destin, Florida 32541
(850) 837-3662
(850) 654-1634 Fax

D. MILLER & ASSOCIATES, P.L.L.C.
Madhu Sekharan
Texas Bar No. 24072332
10565 Katy Freeway, Suite 400
Houston, Texas  77024
Tel.: (713) 850-8600  Fax: (713) 874-9703

OTSTOTT & JAMISON, P.C.
George A. Otstott
Texas Bar No. 15342000
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas  75206
Telephone:     214.522.9999
Facsimile:     214.828.4388

LAW OFFICE OF HARRIS B. WILLIAMS, PLLC
Harris B. Williams
Mississippi Bar No. 7237
Sull'Acqua Building, Suite 100
147 Republic Street – Lost Rabbit
Madison, Mississippi 39110
Telephone:  (601) 707-3492
Facsimile:  (601) 510-1957

Anna M. Williams
WIL104
Suite A, The Brent ~Lee Building
Post Office Drawer 446
12761 Highway 90
Grand Bay, Alabama  36541
Tel.    (251) 865-3665
Fax    (251) 865-3650

DANZIGER & DE LLANO, LLP
Rodrigo R. de Llano
Texas Bar No. 00786666
440 Louisiana, Suite 1212

Houston, Texas 77002
713-222-9998 (Tel)
713-222-8866 (Fax)

JAMES J. DAILEY, P.C.
James Dailey, DAIL J0324
1206 Dauphin St.
Mobile, Alabama 36604
Telephone: (251) 441-9946
Fax: (251) 650-3896
E-mail: jim@jimdailey.com

THE GERTZ ADAIR LAW FIRM
Ryan Gertz
Texas Bar No. 24048489
2630 Liberty
Beaumont, Texas  77702
Ph.:     (409) 833- 6400
Fax:     (409) 833-6401